## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BLESS, | | |
| Plaintiff, | | |
| v. | | Case No.: 13 CV 4271 |
| COOK COUNTY SHERIFF'S OFFICE, TOM DART, in his official and individual capacity; and the COOK COUNTY SHERIFF'S MERIT COMMISSION; JAMES P. NALLY, Chairman; BYRON BRAZIER, Vice Chairman; ROBERT F. HOGAN, Secretary; KIM R. WIDUP, Board Member; BRIAN J. RIORDAN, Board Member; JOHN J. DALICANDRO, Board Member; LANCE C. TYSON, Board Member; JOHN R. ROSALES, Board Member; VINCENT T. WINTERS, Board Member; and COOK COUNTY, a unit of local government, | | |
| Defendants. | | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, ROBERT BLESS, complaining against Defendants, COOK COUNTY SHERIFF'S OFFICE, TOM DART, in his official and individual capacity; and the COOK COUNTY SHERIFF'S MERIT COMMISSION; JAMES P. NALLY, Chairman; BYRON BRAZIER, Vice Chairman; ROBERT F. HOGAN, Secretary; KIM R. WIDUP, Board Member; BRIAN J. RIORDAN, Board Member; JOHN J. DALICANDRO, Board Member; LANCE C. TYSON, Board Member; JOHN R. ROSALES, Board Member;

VINCENT T. WINTERS, Board Member; and COOK COUNTY, a unit of local government, states as follows:

## INTRODUCTION

1.      Plaintiff brings this action to redress acts of race discrimination in violation of Plaintiff's equal protection rights guaranteed under the United States Constitution, pursuant to 42 U.S.C. § 1983 (Count I); race discrimination in violation of 42 U.S.C. § 1981 (Count II); retaliation in violation of the First Amendment (political retaliation) pursuant to 42 U.S.C. § 1983 (Count III); and for administrative review pursuant to the Illinois Administrative Review Law, 735 ILCS 5/3-101 *et seq.* (Count IV).

2.      This Court has jurisdiction over Counts I through III pursuant to 42 U.S.C. §1983, 42 U.S.C. § 1981, and 28 U.S.C. §1343, and over Count IV pursuant to the Court's supplemental jurisdiction as codified in 28 U.S.C. §1367(a).

3.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

4.      Defendants conduct was pursuant to a policy and practice of widespread discrimination and retaliation by its employees and supervisors and with the knowledge and acquiescence of Defendants, Defendants' command staff and supervisory officials.

## PARTIES

5.     Plaintiff Robert Bless ("Bless") is a white male residing within the Northern District of Illinois.

6.     For all relevant times, Bless was employed as a Cook County Sheriff's Police Officer.

7.     Defendant COOK COUNTY is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, one of which is the Cook County Sheriff's Office ("Sheriff's Office").

8.     At all times relevant hereto, Defendant TOM DART ("Dart") served in the elected position of Sheriff of Cook County, Illinois. Sheriff Dart is sued in his individual and official capacity as Sheriff of Cook County.

9.     Defendants Tom Dart and the Cook County Sheriff's Office are collectively referred to herein as the Sheriff Defendants.

10.     The COOK COUNTY SHERIFF'S MERIT BOARD ("Merit Board") is a statutorily authorized administrative body charged with the supervision of discipline of the Cook County Sheriff's Officers.

11.     Defendant JAMES P. NALLY ("Nally") is named as a necessary party. At all relevant times, Defendant Nally served as the Chairman of the Cook County Sheriff's Merit Board.

12.     Defendant BYRON BRAZIER ("Brazier") is named as a necessary party. At all relevant times, Defendant Brazier served as the Vice Chairman for the Cook County Sheriff's Merit Board.

13.     Defendant ROBERT F. HOGAN ("Hogan") is named as a necessary party. At all relevant times, Defendant Hogan served as the Secretary for the Cook County Sheriff's Merit Board.

14.     Defendant KIM R. WIDUP ("Widup") is named as a necessary party. At all relevant times, Defendant Widup served as a Board Member for the Cook County Sheriff's Merit Board.

15.     Defendant BRIAN J. RIORDAN ("Riordan") is named as a necessary party. At all relevant times, Defendant Riordan served as a Board Member for the Cook County Sheriff's Merit Board.

16.     Defendant JOHN J. DALICANDRO ("Dalicandro") is named as a necessary party. At all relevant times, Defendant Dalicandro served as a Board Member for the Cook County Sheriff's Merit Board.

17.     Defendant LANCE C. TYSON ("Tyson") is named as a necessary party. At all relevant times, Defendant Tyson served as a Board Member for the Cook County Sheriff's Merit Board.

18.     Defendant JOHN R. ROSALES ("Rosales") is named as a necessary party. At all relevant times, Defendant Rosales served as a Board Member for the Cook County Sheriff's Merit Board.

19.     Defendant VINCENT T. WINTERS ("Winters") is named as a necessary party. At all relevant times, Defendant Winters served as a Board Member for the Cook County Sheriff's Merit Board.

20.     Each member of the Merit Board is appointed by Sheriff Dart. They are collectively referred to herein along with the Sheriff's Merit Board as "the Merit Board Defendants."

21.     Defendants Cook County Sheriff's Office and Sheriff Dart are responsible for the acts its command staff and supervisors, who were acting within the scope of their employment, and pursuant to a policy, custom, and/or practice of racial discrimination and retaliation, and violations of individuals' rights of equal protection and freedom of association under the First and Fourteenth Amendment to the Constitution of the United States.

22.     Each individual Sheriff's Defendant and Merit Board Defendant acted under color of state law at all material times hereto.

## FACTS UPON WHICH CLAIMS ARE BASED

23.     In or about 1996, Plaintiff started working for the Cook County Sheriff's Office.

24.     In 1997, Plaintiff became a sworn police officer for the Cook County Sheriff's Police Department of the Cook County Sheriff's Office.

25.     Plaintiff is a registered Republican.

26.     In 2008, Plaintiff became a Commissioner for McHenry County on the Republican ticket. Plaintiff served as a Commissioner until 2012.

27.     On October 6, 2011, Defendant Dart filed charges before the Merit Board Defendants seeking Plaintiff's termination.

28.     Defendant Dart sought charges seeking Plaintiff's termination based on allegations of the following: (a) for not having a secondary employment request on file with the Petitioner; (2) for not having proper authority to work secondary employment as a Commissioner for the McHenry County Board starting December 1, 2008 and continuing through 2010; (3) for not having approval for secondary employment in 2009 through November 23, 2010; (4) for unauthorized secondary employment while receiving temporary disability checks from the Cook County Insurance Benefit Fund; and (5) for falsely reporting to investigators from the Office of Professional Review that he had a secondary employment request on file.

29.     On May 6, 2013, the Merit Board Defendants and its members issued a decision terminating Plaintiff's employment with the Sheriff's Office. While the decision is signed on May 3, 2013, it was not received by the Merit Board until May 6, 2013, and then later issued to Plaintiff.

30.     Plaintiff received the Merit Board's decision sometime after May 6, 2013.

31.     The Merit Board Defendants erroneously found: (a) Plaintiff "was not authorized to engage in secondary employment at any time while receiving temporary disability checks from the Cook County Insurance Benefit Fund;" (b) Plaintiff had not

6

been given authorization to engage in secondary employment in 2009 through and including November 23, 2010; and (c) Plaintiff "falsely reported to investigators from the Office of Professional Review that he had a secondary employment request on file for his business, Bless and Associates, for each year including 2010."

32.     The Sheriff Defendants did not file charges against other officers that were not White seeking their termination for similar or more egregious violations than what Defendants accused Plaintiff of.

33.     The Sheriff Defendants did not file charges against other officers that were Democrats or politically supported Dart seeking their termination for similar or more egregious violations than what Defendants accused Plaintiff of.

34.     The Sheriff Defendants' actions in seeking charges before the Merit Board seeking Plaintiff's termination were discriminatory based on Plaintiff's race (White) in violation of the Fourteenth Amendment.

35.     The Sheriff Defendants' actions in seeking charges before the Merit Board seeking Plaintiff's termination were retaliatory in violation of the First Amendment based upon his political affiliation and association.

36.     The Sheriff Defendants have engaged in a pattern and practice of discrimination against employees based on their race.

37.     The Sheriff's Defendants have engaged in a pattern and practice of retaliation against employees based on their political and/or perceived political affiliation.

7

38.     Defendants and Defendants' supervisors had knowledge of the discrimination and political retaliation and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.

## COUNT I
**(§ 1983 Violation of Equal Protection – Race Discrimination**
**Against All Sheriff Defendants)**

39.     Plaintiff restates and realleges by reference paragraphs 1 through 38 as if fully set forth herein.

40.     The Sheriff's Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment on the basis of his race and by knowingly refusing to protect Plaintiff from the discrimination.

41.     The actions of the Sheriff's Defendants reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination on the basis of race.

42.     Defendants Dart is a policy maker for the Cook County Sheriff's Office and has final policy making authority.

43.     The other Sheriff Defendants were delegated with final policy making authority as it relates to the allegations asserted herein.

44.     The Sheriff Defendants knew and should have known that Plaintiff was being subjected to discrimination on the basis of his race. Despite this, they failed to take any effective remedial action, and turned a blind eye to the discrimination.

45. The official actions of the Sheriff's Defendants against Plaintiff violated his equal protection right to be free from racial discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

46. Defendants subjected Plaintiff to an unlawful and discriminatory investigation and disciplinary action in violation of his equal protection rights under the United States Constitution.

47. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

48. The actions of Defendants in intentionally engaging in and condoning the hostile work environment and discrimination against Plaintiff caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff seeks the following relief as to Count I of the Complaint:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of

9

the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

E.     The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F.     Punitive damages as allowed by law as against the individual Sheriff Defendants only;

G.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

H.     Such other relief as the Court may deem just or equitable.

## COUNT II
### Racial Discrimination Pursuant to 42 U.S.C. § 1981
### v. All Sheriff Defendants

49.     Plaintiff restates and realleges by reference paragraphs 1 through 38 as if fully set forth herein against all Defendants.

50.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to false allegations, discipline, termination, and other adverse actions and unequal treatment in the terms and conditions of her employment.

51.     Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination against individuals based on their race.

52.     The conduct alleged herein constitutes a pattern, custom, and practice of discrimination against White employees based on their race.

53.     All of Defendants' employment practices as alleged herein are undertaken with discriminatory intent.

54.    Defendants' actions adversely affected Plaintiff and violated his rights to make and enforce contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. § 1981.

55.    Defendant Sheriff's Office is responsible for the acts of its supervisors and employees, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

56.    Defendants intentionally discriminated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages against Defendants.

57.    Defendants' actions have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff seeks the following relief as to Count I of the Complaint:

A.    All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.    Compensatory damages in an amount to be determined by a trier of fact against Defendant;

C.    A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.    A permanent injunction requiring the Defendant adopt employment practices and policies in accord and conformity with the requirements of 42 U.S.C. § 1981;

11

E.      The Court retain jurisdiction of this case until such time as it is assured that the Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F.      Punitive damages as allowed by law as against the individual Sheriff Defendants only;

G.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

H.      Such other relief as the Court may deem just or equitable.


**COUNT III**
**(§ 1983 Violation of First Amendment – Political Retaliation**
**<u>Against the Sheriff Defendants</u>)**

58.     Plaintiff restates and realleges by reference paragraphs 1 through 38 as if fully set forth herein.

59.     At all times relevant, the Sheriff Defendants acted as employees, supervisors, and final policymakers for the Sheriff's Department.

60.     The First Amendment protects a wide spectrum of free speech and association, including a public employee's right to free association and to support or not support a political candidate of their own choosing.

61.     By not supporting Dart, by being a registered Republican, and/or by his political affiliation or association, Plaintiff was engaged in the exercise of his rights under the First Amendment.

62.     Defendants unlawfully retaliated against Plaintiff for the exercise of his rights under the First Amendment.

12

63.     Defendants intentionally subjected Plaintiff to unequal and retaliatory treatment by subjecting Plaintiff to false allegations, discipline, termination, and other adverse actions and unequal treatment in the terms and conditions of his employment.

64.     The Sheriff Defendants retaliated against Plaintiff by filing charges against him seeking his termination.

65.     Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning retaliation against individuals based in violation of the First Amendment.

66.     The actions of the Defendants against Plaintiff violated his rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

67.     The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

68.     The acts of Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff seeks the following relief as to Count III of the Complaint:

A.      All wages and benefits Plaintiff would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

13

B.      Compensatory damages in an amount to be determined at trial;

C.      A permanent injunction enjoining the Defendants from engaging in the retaliatory practices complained of herein;

D.      A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment and non-retaliation of employees;

E.      The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F.      Punitive damages as allowed by law as against the individual Sheriff Defendants only;

G.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

H.      Such other relief as the Court may deem just or equitable.

## COUNT IV
### (Administrative Review under Illinois Law)

69.      Plaintiff restates and realleges by reference paragraphs 1 through 38 above as though fully set forth herein as against Defendant Cook County through the Cook County Sheriff's Office, Dart, and the Merit Board Defendants.

70.      On or about May 6, 2013, the Merit Board Defendants entered their findings and decision.

71.      The Merit Board Defendants ordered that Plaintiff's employment be terminated.

72.     The Merit Board Defendants' findings and termination of Plaintiff's employment were erroneous and against the manifest weight of the evidence and should be reversed.

73.     The proceedings before the Merit Board were fundamentally unfair and violated Plaintiff's due process rights because of Sheriff Dart's illegitimate, discriminatory, and retaliatory motive in bringing the charges against Plaintiff.

74.     The Merit Board Defendants also unlawfully and improperly denied Plaintiff's request to present comparative evidence, which was in error, and therefore, requires reversal.

75.     Even based on the allegations brought against Plaintiff by Sheriff Dart there was not cause for termination of his employment as a police officer in the State of Illinois.

76.     As such, the Merit Board's decision should be reversed and Plaintiff reinstated with full back pay and benefits.

**WHEREFORE,** Plaintiff seeks the following relief as to Count IV of the Complaint under the Court's supplemental jurisdiction and application of administrative review:

A.     Reverse the decision of the Merit Board Defendants; and

B.     Grant such other relief that is just and equitable.

Respectfully submitted,

ROBERT BLESS


*s/Dana L. Kurtz*

_____

Attorney for Plaintiff

Dana L. Kurtz, Esq. (6256245)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone:  630.323.9444
Facsimile:  630.604.9444
E-mail: dkurtz@kurtzlaw.us