IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BLESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 13 C 4271 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| COOK COUNTY SHERIFF'S OFFICE; | ) | |
| COOK COUNTY SHERIFF'S MERIT | ) | |
| COMMISSION; COOK COUNTY; | ) | |
| TOM DART, in his official and | ) | |
| individual capacities; DEWAYNE | ) | |
| HOLBROOK; JOSEPH WAYS, SR.; | ) | |
| ZELDA WHITTLER; SHERYL | ) | |
| COLLINS; EDWARD DYNER; | ) | |
| ROSEMARIE NOLAN; and | ) | |
| HENRY HEMPHILL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Bless ("Plaintiff") brings this action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that he was fired from his job as a Cook County Sheriff's police officer because of his race and political affiliation. Among the named Defendants in this action is Thomas Dart ("Dart"), the Cook County Sheriff. On February 24, 2017, Magistrate Judge Mason issued a discovery order in which he denied Plaintiff's motion to compel the deposition of Dart and granted Defendants' motion to quash the notice of Dart's deposition. Plaintiff, however, still wishes to depose Dart and has thus filed objections to the magistrate judge's order. For the reasons stated below, Plaintiff's objections [226] are overruled.

## Background

Plaintiff filed this lawsuit in June 2013 after he was terminated from his position as a police officer of the Cook County Sheriff's Office (CCSO). In his Third Amended Complaint, Plaintiff brings various claims alleging race discrimination and political retaliation. As relevant here, his claims include a § 1983 political retaliation claim against all Defendants, including against Dart in his individual capacity, and a *Monell* claim alleging that the CCSO has a policy or practice of retaliating against employees on the basis of their political affiliation. *See* 3d Am. Compl. ¶¶ 102–12, ECF No. 140.

On February 6, 2017, Plaintiff filed a motion to compel the deposition of Dart. *See* Pl.'s Mot. Compel, ECF No. 214. Soon thereafter, Defendants filed a cross-motion to quash the notice of Dart's deposition. *See* Defs.' Mot. Quash, ECF No. 218. In an order dated February 24, 2017, Magistrate Judge Mason denied Plaintiff's motion to compel and granted Defendants' motion to quash. Order of 2/24/17, at 4–6, ECF No. 226. In ruling on the motions, Magistrate Judge Mason first discussed Seventh Circuit precedent holding that "public officials 'should not have to spend their time giving depositions in cases arising out of the performance of their official duties unless there is some reason to believe that the deposition will produce or lead to admissible evidence.'" *Id.* at 4–5 (quoting *Olivieri v. Rodriguez*, 122 F.3d 406, 409–10 (7th Cir. 1997)). He then explained that, in light of the evidence in the record, which included Dart's sworn statements that he had no unique or personal knowledge of Plaintiff's allegations, there was no reason to

believe that a deposition of Dart was warranted. *Id.* at 5–6. The day after Magistrate Judge Mason issued his discovery order, Plaintiff filed objections to the order before this Court.

## **Legal Standard**

The Court reviews a magistrate judge's order on a nondispositive pretrial matter only to determine whether the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under this standard, the Court "can overturn the magistrate judge's ruling only if [the Court] is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Because this standard is deferential to the magistrate judge's decision, an objecting party carries a heavy burden in persuading the Court to modify the magistrate judge's ruling. *See Finwall v. City of Chi.*, 239 F.R.D. 504, 506 (N.D. Ill. 2006); *F.T.C. v. Pac. First Benefit, LLC*, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005).

## **Analysis**

District courts may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In determining whether there is good cause to limit discovery, courts have recognized that "depositions of public officials create unique concerns." *Stagman v. Ryan*, 176 F.3d 986, 994–95 (7th Cir. 1999). Thus, even when they are among the defendants named in a lawsuit, public officials need not give depositions in cases arising from the performance of their official duties "unless there is some

3

reason to believe that the deposition will produce or lead to admissible evidence." *Olivieri*, 122 F.3d at 409–10. Courts have accordingly denied motions to compel depositions of public officials where there is insufficient reason to expect the depositions to yield relevant evidence unobtainable through other means. *See, e.g.*, *Stagman*, 176 F.3d at 994 (holding that district court did not abuse its discretion in denying motion to compel deposition of Illinois Attorney General where evidence did not indicate a need for the deposition); *Olivieri*, 122 F.3d at 409–10 (holding that district court did not abuse its discretion in denying motion to compel deposition of police superintendent where the record indicated that interrogatories served on the superintendent would have been a sufficient means of developing evidence); *LaPorta v. City of Chi.*, No. 14 C 9665, 2016 WL 4429746, at *2 (N.D. Ill. Aug. 22, 2016) (denying motion to compel deposition of city mayor in case involving *Monell* claim because there was no reason to think the deposition would lead to admissible evidence that could not be obtained through interrogatories).

In objecting to Magistrate Judge Mason's discovery order, Plaintiff primarily takes issue with the magistrate judge's conclusion that "'there is nothing unique or personal about Dart's knowledge of the allegations in the complaint that would warrant his deposition.'" Pl.'s Objs. at 3, ECF No. 225 (quoting Order of 2/24/17, at 5). Plaintiff argues that, to the contrary, the record suggests that Dart indeed has personal knowledge of facts relating to Plaintiff's allegations. In support, Plaintiff points to three pieces of evidence: (1) Plaintiff's testimony that, prior to his termination, he met Dart at a fundraiser, told Dart he worked for the CCSO, and also

4

told Dart he was a Republican who had recently been elected as a McHenry County Commissioner; (2) a union grievance decision recounting testimony in which a CCSO deputy claimed that, in 2007, Dart issued a memorandum expressing a desire to "begin requiring strict compliance" with certain CCSO personnel policies; and (3) a television interview in which Dart stated that he sometimes transferred employees to different work locations in order to "send a message" and make employees' lives "tricky." Pl.'s Objs. at 5–6; Pl.'s Mot. Compel at 7, 9–11, ECF No. 214.

In denying Plaintiff's motion to compel, Magistrate Judge Mason considered this evidence and concluded that it was insufficient to support Plaintiff's assertion that a deposition of Dart would produce or lead to evidence relevant to Plaintiff's claims. Order of 2/24/17, at 4–6. The Court is not convinced that Magistrate Judge Mason's determination was erroneous.

First, Plaintiff's deposition testimony about speaking with Dart at a fundraiser is an insufficient basis to allow Plaintiff to depose Dart. As the magistrate judge noted, Dart attested in his interrogatory responses that, although he "recalls meeting Plaintiff one time," he does not remember Plaintiff telling him that he was a Republican or that he ran for election as a McHenry County Commissioner. *Id.* at 5; *see also* Pl.'s Mot. Compel at 8 (quoting Dart's interrogatory response). Given Dart's lack of recollection as to his conversation with Plaintiff at the fundraising event, there is no reason to believe that further questioning on this topic would produce evidence relevant to Plaintiff's claims. Plaintiff's bare assertion otherwise is based only on speculation.

5

Plaintiff's reliance on the union grievance decision and the television interview is likewise unpersuasive. Plaintiff claims that this evidence offers a reason to believe that deposing Dart would lead to evidence regarding Dart's involvement in CCSO personnel policies and matters. Pl.'s Objs. at 5–6. But, as Plaintiff acknowledges, Dart stated in his sworn interrogatory responses that he had no involvement in CCSO personnel policies. *Id.* at 5. In light of these sworn statements, the magistrate judge concluded that Plaintiff had "not provide[d] any basis . . . to believe Dart could provide any unique, relevant information with respect to [Plaintiff's] claims." Order of 2/24/17, at 5. This conclusion was not clearly erroneous. The union grievance decision offers only weak, unreliable support for Plaintiff's position, as it merely involves third-party testimony about Dart rather than sworn testimony from Dart himself. Likewise, Dart's comments in the television interview about "sending a message" do not support Plaintiff's assertion that a deposition of Dart would lead to evidence bearing on Plaintiff's retaliation claims. Rather, as the magistrate judge explained, "Dart was likely referring to job performance rather than political affiliation" when he made these comments. Order of 2/24/17, at 5.[1]

---

[1] Dart's comments during the television interview were as follows: "If [my employees are] not doing what I need them to do, they either get fired, or I can make their life tricky by transferring them to a different location to make their drives longer, things like that. I told [Cook County Chief Judge Timothy Evans], I said, 'Look. If you have a judge who lives out in the south suburbs and is very comfortable out in Markham but just doesn't perform' . . . I suggested [moving the judge to] Rolling Meadows. . . . So there's many, many things you can do to send a message." Pl.'s Mot. Compel at 11 (quoting Dart television interview).

6

What is more, even if the union grievance decision and the statements from Dart's television interview could raise a question as to whether Dart was involved in CCSO personnel policies in ways relevant to Plaintiff's claims, Plaintiff has already had an opportunity to ask Dart this question, and Dart answered this question—under oath—in the negative. *See* Pl.'s Objs. at 5–6 ("In his interrogatory answers, Dart denied involvement in CCSO personnel policies."). The fact that Plaintiff does not like or does not believe Dart's interrogatory answers is an insufficient basis to allow Plaintiff to proceed with a deposition of Dart. This is especially so, given the burden that such a deposition would place on Dart as a public official with limited time to spend on litigation activities. *See Stagman*, 176 F.3d at 994–95; *Olivieri*, 122 F.3d at 409–10.

In addition, it bears noting that Magistrate Judge Mason's discovery order expressly advised Plaintiff that, if he wished "to serve additional written interrogatories on Dart in order to follow up on his previous responses or any other matter, he [was] entitled to do so before the close of discovery." Order of 2/24/17, at 5.[2] Plaintiff has not explained why serving additional interrogatories on Dart would have been an insufficient means of developing further evidence. In fact, it is undisputed that Plaintiff did not even attempt to serve such additional interrogatories. *See* CCSO Resp. at 3, ECF No. 236 ("Plaintiff has declined to propound additional written interrogatories or otherwise sought [sic] to submit written deposition questions to Sheriff Dart."). In his reply brief, Plaintiff asserts

---

[2] Fact discovery closed on March 31, 2017, over a month after the magistrate judge issued his order.

7

that "written interrogatory responses from Dart—polished answers filtered through his lawyers—[are] not an appropriate or fair discovery vehicle to obtain evidence," and that "Plaintiff should not be deprived of the opportunity to obtain this material evidence." Reply at 2, ECF No. 248. But these conclusory assertions are unpersuasive. It goes without saying that serving written interrogatories is a fair and accepted means of conducting discovery. And Plaintiff cannot credibly claim that he has been "deprived" of an opportunity to obtain evidence when he did not even take full advantage of the discovery opportunities that were available to him. *Cf. Olivieri*, 122 F.3d at 410 (holding that district court judge "quite rightly refused to let [plaintiff] depose [defendant]" where plaintiff did not first attempt to develop discovery using interrogatories).

Plaintiff also argues that the magistrate judge should have granted the motion to compel because Dart's disavowal of personal knowledge regarding Plaintiff's allegations is "legally insufficient to preclude [Dart's] deposition altogether." Pl.'s Objs. at 4. Plaintiff, however, cites no authority instructing the Court to disregard or disbelieve Dart's denial of personal knowledge as to Plaintiff's allegations. The only cases Plaintiff musters in support—*CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002), and *Steadfast Insurance Co. v. Auto Marketing Network, Inc.*, No. 97 C 5696, 1999 WL 300231 (N.D. Ill. May 3, 1999)—are readily distinguishable from the facts at hand. In *CSC Holdings*, the Seventh Circuit held that the district court should have granted a motion to compel the deposition of a high-ranking individual in the cable television industry because the individual had

8

personal knowledge of information that could not be obtained elsewhere and "the record prove[d] that [the individual's] deposition was highly relevant." 309 F.3d at 993–94. Similarly, in *Steadfast*, the court granted a motion to compel a deposition where the deponent "plainly ha[d] information that [was] discoverable under Rule 26(b)(1)," was not a public official, had not persuaded the court that the requested discovery would be duplicative or unduly burdensome, and had not offered a sworn affidavit to support his assertion that he lacked relevant knowledge. 1999 WL 300231, at *1–2. By contrast, for the reasons explained above, the record in this case does not suggest that a deposition of Dart would lead to unique, admissible evidence. Furthermore, Dart has provided sworn statements denying personal knowledge of the issues in the case. As such, Plaintiff's reliance on *CSC Holdings* and *Steadfast* is misplaced.

Finally, Plaintiff contends that he should be given the opportunity to depose Dart regarding Dart's policymaking authority within the CCSO, because such evidence is relevant to Plaintiff's *Monell* claim. Pl.'s Objs. at 8. The Court rejects this argument for the same reasons it rejects Plaintiff's other arguments. First, as Plaintiff admits, Dart attested in his interrogatory responses that "he delegates policymaking authority to subordinate CCSO officials." Pl.'s Objs. at 8. In light of this sworn statement, it does not appear likely that a deposition of Dart on this topic would yield unique, admissible evidence relevant to Plaintiff's claims. More importantly, even if further questioning of Dart could yield such evidence, Plaintiff

9

has again failed to explain why additional interrogatories would have been an insufficient mechanism for developing such evidence.

In sum, Plaintiff has not given a sufficient reason to believe that a deposition of Dart would create or lead to unique, admissible evidence. Nor has Plaintiff explained why the discovery tools that were available to him (and which he declined to use) were an insufficient means of developing the evidence he sought. As such, the Court finds that Magistrate Judge Mason's decision denying Plaintiff's motion to compel and granting Defendants' motion to quash was neither contrary to law nor clearly erroneous.

## Conclusion

For the reasons stated herein, Plaintiff's objections to Magistrate Judge Mason's discovery order [226] are overruled.

**IT IS SO ORDERED.**     ENTERED   4/12/17

*[signature: John Z. Lee]*

_____

**John Z. Lee**
**United States District Judge**