UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Robert Bless,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 13 CV 4271 |
| | ) | |
| **Cook County Sheriff's Office, Cook County** | ) | Honorable Judge John Z. Lee |
| **Sheriff's Merit Board Commission, Cook** | ) | Michael T. Mason |
| **County, Thomas J. Dart, Dewayne Holbrook,** | ) | |
| **Joseph Ways, Sr., Zelda Whittler,** | ) | |
| **Sheryl Collins, Edward Dyner, Rosemarie** | ) | |
| **Nolan, Henry Hemphill,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**BLESS' REQUESTS FOR REINSTATEMENT AND BACK PAY PURSUANT TO THE ILLINOIS ADMINISTRATIVE REVIEW LAW (ALR) ARE IMPROPER AND SHOULD BE STRICKEN.**

Plaintiff's Memorandum of Law In Support of Administrative Review Claim requests back pay and reinstatement of employment to his position at the Sheriff's Office. (Document #291 page 36, Page ID # 3020).

    **A.    This Court Lacks Subject Matter Jurisdiction To Award Reinstatement, Benefits and Back Pay.**

The Illinois Constitution expressly limits the subject matter jurisdiction of Circuit Courts to "such power to review administrative action as provided by law." Ill. Const. Art. VI § 9. Illinois law imposes strict limits on a Circuit Court's jurisdiction to review administrative actions. The provisions of the Administrative Review Law ("ARL"), 735 ILCS 5/3-101 *et seq.,* govern judicial review of decisions by Illinois administrative agencies, including the Cook County Sheriff's Merit Board ("Merit Board"). Here, the actions at issue

1

are those of the Merit Board, an administrative agency that the Illinois Legislature created under the Merit Board Act, 55 ILCS 5/3-7001 *et seq.* The Merit Board Act provides that "provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of any order of the Board." 55 ILCS 5/3-7012.

The ARL does not give Circuit Courts original jurisdiction over administrative decisions, and expressly limits Circuit Courts' judicial review power to reviewing "final administrative decisions" by an administrative agency, and no more. 735 ILCS 5/3-104. *See also, e.g., Dubin v. Personnel Bd of Chi.,* 128 Ill. 2d 490 (1989) (employee's sole remedy for discharge by City of Chicago personnel board is judicial review under ARL). The ARL vests the Circuit Courts with limited jurisdiction to review transcripts of hearings that took place before the administrative agency and to review record evidence presented to administrative agencies. 735 ILCS 5/3-108. The ARL thus imposes a clear limitation on review of Merit Board decisions by a Circuit Court. Nowhere does the ARL or Merit Board Act mention, let alone authorize, the relief of reinstatement, back pay and attorney's fees sought by Bless here.

*Taylor v. Dart,* 2017 IL App (1st) 143684-B stands with a well-settled line of Illinois Supreme Court cases holding that, where the plaintiff successfully challenges an administrative commission's decision, the proper remedy is a new decision by a properly-constituted Merit Board – *not* an immediate award of wide ranging damages and equitable relief. *Vuagniaux v. Dept. of Professional Regulation*, 208 Ill. 2d 173 (2003), makes that very point. In *Vuagniaux,* a chiropractor was publicly reprimanded by Illinois Medical Disciplinary Board, which was deemed improperly constituted on the ground that the panel contained an

2

unauthorized appointee. 208 Ill. 2d at 188-89. However, *Vuagniaux* held that the "unauthorized appointment" did "not render the entire disciplinary proceeding a nullity," and that the proper remedy was for the Medical Board to "afford [plaintiff] the opportunity for a new hearing." *Id.* at 189. *Vuagniaux* follows two other Supreme Court decisions which make that same point. *See Daniels v. Industrial Commission,* 201 Ill. 2d 160, (2002) at 167 (remanding case to Industrial Commission for "decision by a legally constituted panel."); *People ex rel. Hartigan v. Ill. Commerce Comm 'n,* 117 Ill. 2d 120, 142 (1987) (a court reviewing an Illinois Commerce Commission order has the option of reversing the order or remanding the case to the Commission, but "[t]he reviewing court does not have the power to direct the Commission to take specific action.").

Under *Vuagniaux, Daniels,* and *Hartigan,* the remedy available to Bless is clear: he may return to the Merit Board and seek a new decision in his disciplinary case. It is possible that a new Merit Board decision will result in plaintiffs' reinstatement, back pay, or a lesser disciplinary decision than the decision rendered by the *pre-Taylor* Merit Board – and plaintiffs have no way of alleging otherwise unless they seek the new decision contemplated by *Taylor, Vuagniaux* and other Supreme Court precedent. But it is clear that Plaintiff cannot do an end run around the Merit Board and ask for relief from this Court that *Taylor* and Supreme Court decisions do not authorize. Furthermore, without the benefit of a new Merit Board decision, it would be bad public policy to reinstate a Sheriff s officer who fired for misconduct. Premature reinstatement of former officers could very well harm members of the public, other Sheriff s officers and employees, and detainees at the County Jail and County courthouses.

3

Multiple Appellate Court decisions have followed *Vuagniaux, Daniels,* and *Hartigan. See Gilchrist v. Human Rights Comm'n,* 312 Ill. App. 3d 597, 603 (1st Dist. 2000) (holding remedy is to remand to administrative agency for new decision, even if remand delays ultimate resolution of the matter). *Dorner v. Civil Serv. Comm'n,* 85 Ill. App. 3d 957, 963 (3d Dist. 1980) (finding that the trial court lacked jurisdiction under the Administrative Review Law to order the Department of Corrections either to offer the plaintiff the next available position, to compel reinstatement, or to order back pay); *Micro Switch, Div. of Honeywell, Inc. v. Human Rights Com.,* 164 Ill. App. 3d 582, 588 (1st Dist. 1987) (circuit court ordering reinstatement exceeded its statutory authority); *Winkler v. Dept. of Public Aid,* 114 Ill. App. 3d 133, 136 (4th Dist. 1983) (same)., *Dubin v. Personnel Bd of Chi.,* 128 Ill. 2d 490 (1989) (employee's sole remedy for discharge by City of Chicago personnel board is judicial review under ARL). The ARL thus imposes a clear limitation on review of Merit Board decisions by a Circuit Court.

Here, where Bless is challenging the Board's decision as void, the Court's review is even more limited than in a typical administrative review case under the ARL. The remedies of reinstatement and back pay are not available when an agency's actions are challenged as void. In this case, the Court's review is limited to determining the threshold question of whether the agency's decision is void. And if the Court finds the agency's decision is void, the matter must be remanded to the Merit Board. For instance, a First District case, *Modrytzkji v. City of Chicago,* discussed this very issue. 2015 IL App (1st) 141874. In *Modrytzkji,* the City of Chicago Commission on Animal Care and Control ("Animal Commission") declared that the plaintiff s St. Bernard dogs were "dangerous animals" pursuant to a statute. *Id.* 'if 1.

4

The plaintiff requested review of the decision by an Administrative Law Judge ("ALJ"), and the ALJ ruled in favor of the Animal Commission. *Id.* Plaintiff appealed to the circuit court under the ARL, arguing: (1) the ALJ's decision should be overturned because it was based on an incomplete and inaccurate record, and (2) plaintiff did not receive a hearing within the mandated time for review. *Id.* The First District agreed that plaintiff did not receive a hearing within the mandated time for review and, thus, the ALJ's decision was void. *Id* 'if 14. But, because the decision was void, the First District decided the "circuit court did not have the authority to consider the merits of plaintiff's appeal." *Id.* 'if 15. Instead, "the circuit court was limited to reviewing the [Animal Commission's] decision for whether the decision was void." *Id* 'if 16. Thus, when a decision of an agency is void, the circuit court's review on administrative review is limited only to whether the decision is void. It is reversible error to do anything else. *Id.* 'if 16 ("Accordingly, because the circuit court did not have authority to rule on the merits, the circuit court's order must be vacated.").

 Another instructive case is *Mitchem v. Cook County Sheriff's Merit Board,* which held that the Court was limited to the administrative record before it. 196 Ill. App. 3d 528, 534 (1st Dist. 1990). The *Mitchem* court rooted its decision in an Illinois Supreme Court case called *Drezner v. Civil Service Commission,* 398 Ill. 219 (1947). *Drezner* involved the application of the Administrative Review Law (Ill. Rev. Stat. 1945, ch. 110, par. 275) "which gave the court the power only to affirm or reverse the decision of the administrative agency in whole or in part or remand the cause for the taking of additional evidence." *Id.* at 533-34 (citing *Drezner,* 398 Ill. At 232). The *Mitchem* court held that the *Drezner* reasoning was equally applicable under the current § 3-111 of the Administrative Review Act "which also does not provide the court with

the power to award back pay." *Id.* at 534. Thus, there is no basis in the record for awarding back pay or reinstatement.

Wherefore, should this Court find in favor Bless' Complaint for Administrative Review, the remedy cannot include back pay and reinstatement. Rather, the remedy is to remand the case to the Cook County Sheriff's Merit Board for a new decision.

**B.  In Spite of the Aforementioned, Bless is Not Entitled to Reinstatement, Lost Salary or Benefits**

Bless's request in his conclusion is that "Plaintiff should be reinstated with full back pay and benefits." (Motion, at 30 ("Conclusion").) In spite of all of the aforementioned arguments, by failing to cite any authority or even develop any argument about why he is entitled to such relief, Bless has forfeited the argument that he should be entitled to the relief of which he seeks. *See Advocate Fin. Group v. Poulos*, 2014 IL App (2d) 130670, ¶ 60 (a party forfeits an argument that is undeveloped and lacks authority); *see also Argyropoulos v. City of Alton*, 539 F.3d 724, 739 (7th Cir. 2008) (perfunctory and undeveloped arguments that are unsupported by authority are waived).

Bless's lack of support is glaring because an award of back pay cannot be made by this Court unless and until there is evidence in the record of the back pay to which Bless claims to be entitled. In Administrative Law Review proceedings, a court cannot order back pay without support in the record, even if it determines an employee is entitled to reinstatement. *See Sola v. Clifford*, 29 Ill. App. 3d 233, 237-38 (2d Dist. 1975). This Court cannot conclude, based on only the word of Bless, that he is entitled to be paid everything he would have earned had he not been discharged. *See Illiana Mach. & Mfg. Corp. v. Duro-Chrome Corp.*, 152 Ill. App. 3d 764, 770 (1st Dist. 1987) ("damages may not be awarded on the basis of conjecture and speculation").

6

There is no evidence in the current record of what Bless's former salary or wages were before he was discharged, what he earned after that date, or what effort he made to seek other employment or otherwise supplement his income. Without any support or facts in the record, this Court cannot order that Bless is entitled to back pay.

Further, to the extent this Court ignores the Administrative Review Law and awards back pay, it must be offset by other earnings. *Calabrese v. Chicago Park Dist.*, 294 Ill. App. 3d 1055, 1067 (1st Dist. 1998); *Bd. of Educ. of City of Chicago v. Weed*, 281 Ill. App. 3d 1010, 1017 (1st Dist. 1996). If Bless is allowed to recover back pay, the Sheriff's Office is *entitled* to reduce the any back pay by sums Bless obtained from other employment or benefits, or what he could have earned had he exercised reasonable diligence in seeking employment. If Bless was earning money from a different job in the intervening years, he should not be entitled to a windfall recovery funded by the Cook County taxpayers. Determining the amount of that set off requires evidence of Bless's conduct after his dismissal, including what he did to try to obtain other employment and what his earnings and income was during that time. It is not possible for this Court to enter any award of back pay until that showing has been made. *See Sola*, 29 Ill. App. 3d at 237.

Even if Bless has properly raised his argument that he is entitled to reinstatement and lost wages, benefits, and attorneys' fees, neither *Taylor* nor any other case authorizes such relief. In fact, such relief is not even within this Court's jurisdiction on review. And awarding such relief would have the absurd result of paying Bless his back wages only to have them stripped again if the Merit Board decides in favor of termination. If the Court rules that the Merit Board was improperly constituted, then the remedy per *Taylor* is to remand Vargas's claim to the Merit

Board—nothing more.

**C. Awarding Bless the Affirmative Relief He Seeks Would Have An Unequitable Result.**

This Court should honor its limited subject matter jurisdiction for a separate, but related, reason. Awarding Bless his requested back salary and benefits would have an unintended result.

The facts and record will not change on remand. It would be unjust to award Bless his back pay only to have it stripped again. *See Nelson v. Artley*, 2015 IL 118058, ¶ 25 (the court "presume[s] that the legislature did not intend absurd, inconvenient, or unjust results"). The better course of action is to remand the matter to the Merit Board for a new decision by a properly constituted board. If that Merit Board rules in Bless's favor, he will receive the back pay he requests from this Court. Any other course of action will require the Sheriff to recoup and recapture this Court's award of back pay if the Merit Board again decides termination is appropriate in this case.

                **KIMBERLY M. FOXX**
                State's Attorney of Cook County

By:   /s/Andrew Creighton
       Andrew J. Creighton
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-4186
       Fax (312) 603-3000
       Andrew.Creighton@cookcountyil.gov
       ARDC#0542091