# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT BLESS, | ) |
| | ) |
| Plaintiff, | ) No. 13 C 04271 |
| | ) |
| v. | ) Judge John Z. Lee |
| | ) |
| COOK COUNTY SHERIFF'S OFFICE, | ) |
| TOM DART in his official and individual | ) |
| capacity; DEWAYNE HOLBROOK; | ) |
| JOSEPH WAYS, SR.; ZELDA WITTLER, | ) |
| SHERYL COLLINS; EDWARD DYNER; | ) |
| HENRY HEMPHILL; ROSEMARIE | ) |
| NOLAN; COOK COUNTY SHERIFF'S | ) |
| MERIT COMMISSION; COOK COUNTY, | ) |
| a unit of local government, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Bless has brought an Illinois state law claim seeking review of an administrative decision by the Cook County Sheriff's Merit Commission ("Merit Board") that terminated his employment as a police officer with the Cook County Sheriff's Office ("CCSO"). Bless seeks adjudication of this claim (Count IV of his complaint) based on the administrative record, which requires the Court to resolve the issue as a motion for summary judgment. For the reasons stated herein, Bless's motion is granted in part and denied in part.

## Background[1]

Plaintiff Robert Bless worked as a police officer for the CCSO from 1997 until the Merit Board voted to terminate his employment on May 6, 2013. R. at 24–28.[2] During some years of his employment with the CCSO, Bless also worked as a lawyer and as a McHenry County Board Commissioner. R. at 488, 496–97.

In September 2008, Bless was injured in a vehicle accident while on duty, interrupting his employment as a patrol officer. R. at 435, 512–15. Between September 2008 and November 2010, Bless was placed on injured on-duty status and received workers' compensation temporary disability benefits. R. at 435, 512–15. During this time, Bless continued his work as a McHenry County Commissioner and in his private law practice. R. at 489–98.

The CCSO permits employees to work second jobs if the employee submits secondary employment forms and receives authorization from the CCSO. R. at 1083–91. Bless claims that he properly submitted secondary employment forms for both his law practice and his role with McHenry County during all time periods, R. at 499, 507–08; Pl.'s Mem. Supp. at 4–6, ECF No. 291. But Defendants assert that Bless had no secondary employment authorization on file from December 2008 through 2010,

---

[1] All facts are undisputed unless otherwise noted. A more fulsome background may be found in the Court's memorandum opinion and order of February 27, 2015. *Bless v. Cook Cty. Sheriff's Office*, No. 13-CV-4271, 2016 WL 958554, at *1 (N.D. Ill. Mar. 8, 2016).

[2] The court cites to the Administrative Review Record, filed as ECF Nos. 26–29, using its original pagination. ECF Nos. 26-2 through 26-4 encompass pages 1–302 of the record; ECF Nos. 27-1 through 27-3 encompass pages 303–672; ECF Nos. 28-1 through 28-3 encompass pages 673–932; and ECF Nos. 29-1 and 29-2 encompass pages 933 through 1091.

while he was on leave from the CCSO, R. at 498–500, 509, 511, 560–61; Defs.' Mem. Opp'n Admin. Review at 12, ECF No. 301.

In May 2011, the CCSO's Office of Professional Review ("OPR") initiated administrative charges against Bless and recommended his termination on the basis that he had received workers' compensation benefits and salary from the CCSO while working unauthorized second jobs from December 2008 through 2010. R. at 455, 693–95, 1110–11, 1262–63. The Cook County Sheriff, Thomas Dart, filed formal charges with the Merit Board based on these purported grounds in October 2011. R. at 18–23.

The Merit Board is an administrative body created by Illinois statute, and its members are appointed by the Cook County Sheriff and approved by the Cook County Board of Commissioners ("County Board"). 55 Ill. Comp. Stat. Ann. 5/3–7002. The Merit Board issued a written decision on May 6, 2013, terminating Bless's employment with the CCSO. R. at 18–28. At the time of the Merit Board's decision, John Rosales was a member of the Board and participated in the decision to terminate Bless. As is further explicated below, the Illinois Appellate Court ruled in 2017 that Rosales was not lawfully appointed to serve on the Merit Board at the time relevant here. *See Taylor v. Dart*, 81 N.E.3d 1, 4, 8, 10 (Ill. App. Ct. 2017).

Bless timely filed a claim seeking administrative review of the Merit Board's decision to terminate his employment pursuant to Illinois's Administrative Review

3

Law, 735 Ill. Comp. Stat. Ann. 5/3–110.[3] 3d Am. Compl. ¶¶ 116–20. Bless asks the Court to vacate as void the Merit Board's termination decision and to reinstate Bless with full back pay and benefits. 3d Am. Compl. ¶¶ 116–120.[4]

## **Legal Standard**

A claim seeking review of an Illinois administrative body's decision is governed by Illinois's Administrative Review Law, which limits judicial review to the administrative record. *Lalowski v. City of Des Plaines*, 789 F.3d 784, 794 (7th Cir. 2015) (citing 735 Ill. Comp. Stat. Ann. 5/3–110). When a federal district court considers such a claim, it "resolves the issue [through] summary judgment." *Lalowski*, 789 F.3d at 794.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). The court "constru[es] all facts and draw[s] all reasonable inferences from the record in the light most favorable to the nonmovant." *Smith v. City of Chi.*, 242 F.3d 737, 742 (7th Cir. 2001).

---

[3] Per the Court's order of March 8, 2016, the state administrative review claim may be pursued against only the Merit Board. *See Bless*, 2016 WL 958554, at *8.

[4] In addition, Bless has brought claims of race discrimination under 42 U.S.C. § 1983 (Count I) and Title VII of the Civil Rights Act of 1964 (Count V), as well as a political retaliation claim under § 1983 (Count III). *Id.* ¶¶ 93–101, 104–12, 122–27. Those claims are not addressed in this order for reasons that shall become clear.

## Analysis

Bless argues that the Merit Board's decision to terminate his employment must be vacated because, pursuant to the Illinois Appellate Court's recent decision in *Taylor*, 81 N.E.3d at 10, the Merit Board was illegally constituted at the time of the determination, and therefore its decision is void under state law.[5] Pl.'s Mem. Supp. at 11–12. Bless also seeks reinstatement, with full back pay and benefits ("back pay"). *Id*. at 2.

In response, Defendants contend that Bless's case is factually distinguishable from *Taylor* and that *Taylor* was incorrectly decided. Defs.' Mem. Opp'n at 15, 17–20. Defendants also contend that, in the event the Court vacates the Merit Board's decision, the Court does not have authority to affirmatively reinstate Bless or award back pay as a remedy.

## I. The Merit Board's Decision is Void

In *Taylor*, the plaintiff challenged his termination by the Merit Board, arguing that the Merit Board was not lawfully constituted at the time of the determination because the appointment of one of its members, John Rosales, had not complied with Illinois law. 81 N.E.3d at 4, 10. The Illinois circuit court agreed, and the defendants appealed.

The Illinois Appellate Court affirmed, noting that the state law creating the Merit Board required that members be appointed for staggered six-year terms. *Id.*

---

[5] Bless also presents several alternative arguments for reversing the Merit Board's decision. Pl.'s Mem. Supp. at 12–13, 16–30. Because the Court finds that the Merit Board's decision was void, it does not address these arguments.

5

at 6. (citing 55 Ill. Comp. Stat. Ann. 5/3–7002). Because Sheriff Dart appointed Rosales in June 2011 to fill a vacancy whose term expired in March 2012, the appellate court reasoned, his appointment was not for a 6-year term and, therefore, was invalid. *Id.* at 4, 10. From there, it was a simple matter to conclude that the Merit Board was not lawfully constituted at the time of Taylor's termination decision and, consequently, the determination was void as a matter of law. *Id.* at 10. The Merit Board asked the Illinois Supreme Court to review this decision, but its petition for leave to appeal was denied. *See Taylor v. Dart*, 89 N.E.3d 764 (Ill. 2017). As a result, *Taylor* is binding Illinois law. *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."). And because Jose Rosales participated as a member of the Merit Board when it decided to terminate Bless (in fact, he was a signatory to the Board's decision), that decision, too, is void.

In response, Defendants pose two arguments. First, Defendants attempt to distinguish this case from *Taylor*, contending that the Merit Board's decision to terminate Bless was not void because Rosales had merely signed the decision terminating him, whereas in *Taylor* Rosales served as the hearing officer that presided over the case. *Id.* But this hardly matters. As the *Taylor* court held, it was Rosales' "*participation* in the hearing and the decision of the Merit Board" that required that the Merit Board's decision be vacated and remanded. *Taylor*, 81 N.E.2d

6

at 10 (emphasis added). Thus, the linchpin of the *Taylor* court's decision was not Rosales's role as a hearing officer *per se*, but that, by serving as an unlawfully appointed member of the Merit Board, his participation in the proceedings rendered the actions of the entire Board void.

The *Taylor* court's reliance upon *Vuagniaux v. Dep't of Prof'l Regulation*, 802 N.E.2d 1156, 1162–65 (Ill. 2003), and *Daniels,* 775 N.E.2d at 938–40, only bolsters this conclusion. In both cases, the Illinois Supreme Court invalided the decisions of a state governmental body because one or more of its members was not lawfully appointed. *See Vuagniaux*, 802 N.E.2d at 1162–64*; Daniels*, 775 N.E.2d at 938–40. Applying the reasoning from *Taylor*, *Vuagniaux*, and *Daniels* to the instant case, the Court concludes that it is likely that the Illinois Supreme Court would hold that the Merit Board was unlawfully constituted and its decision to terminate Bless void as a matter of law.

Defendants also argue that *Taylor* was incorrectly decided because the Sheriff had implied authority to make interim appointments and the County Board had "home rule authority" to approve Rosales as an interim Board member. Defs.' Mem. Opp'n at 17–19. But *Taylor* rejected these very arguments, 81 N.E.3d at 11, and a federal court "is obligated to rely on existing state jurisprudence where possible." *Simon v. Northwestern Univ.*, 259 F. Supp. 3d 848, 853 (N.D. Ill. 2017); *see Bridewell v. Eberle*, 730 F.3d 672, 677 (7th Cir. 2013) ("Federal courts asked to rule on claims arising under state law must take it as it exists."). The Illinois Supreme Court declined to review *Taylor*, and "in the absence of guiding decisions" from the Illinois

7

Supreme Court, the Court "follow[s] the decisions of intermediate appellate courts" when, as here, there is no "convincing reason to predict the state's highest court would disagree." *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012).

In sum, Rosales was an unlawfully appointed member of the Merit Board at the time that it adjudicated Bless's case. As a result, the Merit Board was unlawfully constituted, and its decision to terminate Bless must be vacated as void and remanded for a hearing before a lawfully constituted Merit Board.

## II. The Appropriate Remedy is Remand to the Merit Board

In addition to seeking a reversal of the Merit Board's decision, Bless asks the Court to reinstate Bless with full back-pay and benefits. 3d Am. Compl. ¶ 120. Defendants argue that the Court lacks authority to grant such a remedy and instead can only remand the case to the Merit Board. Defs.' Mot. Leave File Suppl. Mem. ¶ 3, ECF No. 347.

When setting aside an administrative decision on the basis that the deciding agency was unlawfully constituted, the Illinois Supreme Court has held that the matter should be remanded to the agency for reconsideration. *Vuagniaux*, 802 N.E.2d at 1166 (citing *Daniels,* 775 N.E.2d 936). Courts reviewing Merit Board decisions have followed this rule. *See Taylor*, 81 N.E.3d at 10; *Mitchem v. Cook Cty. Sheriff's Merit Bd.*, 554 N.E.2d 331, 335 (Ill. App. Ct. 1990) (reversing trial court's award of back pay and remanding the case to the Merit Board because a court is "limited in its powers by the Administrative Review Act and could only affirm or reverse the order of suspension with or without remand"). And the Court will do the same here.

8

## Conclusion

For the reasons stated herein, Plaintiff's motion for partial summary judgment [291] as to his administrative review claim (Count IV) is granted in part and denied in part. The Merit Board's decision to terminate Plaintiff's employment is hereby vacated as void and remanded to the Merit Board. In all other respects, Plaintiff's motion is denied.

**IT IS SO ORDERED.**          ENTERED 7/19/18

_____
**John Z. Lee**
**United States District Judge**