IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BLESS, | ) | |
| | ) | Case No. 13 C 4271 |
| Plaintiff, | ) | |
| v. | ) | Honorable Judge |
| | ) | John Z. Lee |
| COOK COUNTY SHERIFF'S OFFICE, et al., | ) | |
| | ) | Honorable Magistrate Judge |
| Defendants. | ) | Michael T. Mason |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER**

Plaintiff Robert Bless (Plaintiff) respectfully responds to the motion to reconsider (Dkt. 400) filed by defendant Thomas J. Dart, Sheriff of Cook County (Defendant) seeking to reconsider the Court's July 19, 2018 Order (Dkt. 352) vacating the Merit Board's decision as void. As discussed below, Defendant's motion should be denied.

### I. Legal Standards

Defendant carries a heavy burden in seeking reconsideration and Defendant must satisfy exacting standards not present here. As this Court stated:

> District courts have discretion to entertain motions to reconsider prior decisions. But while motions for reconsideration are permitted, "they are disfavored." They serve a narrow purpose: correcting manifest errors of law or fact and presenting newly discovered evidence. This is a heavy burden for the moving party and makes a motion for reconsideration an inappropriate medium to "rehash" past arguments, or revisit improvident strategic decisions made earlier.
>
> Motions for reconsideration will be granted only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Given these exacting standards, issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare."

*SMK Assocs., LLC v. Sutherland Glob. Servs., Inc.*, No. 14 C 0284, 2018 WL 5884534, at *1 (N.D. Ill. Nov. 9, 2018) (internal citations omitted).

1

## II. Defendant's Motion Should Be Denied

Defendant's motion fails to discuss the applicable legal standards for motions to reconsider because those standards show that Defendant's motion should be denied.

The purported basis for Defendant's motion is three Illinois Appellate Court rulings issued after the Court's July 19, 2018 Order was issued. The three cases are *Acevedo v. Dart*, 2019 IL App (1st) 181128-U; *Cruz v. Dart*, 2019 IL App (1st) 170915; and *Lopez v. Dart*, 2018 IL App (1st) 170733. In those opinions, the Illinois Appellate Court upheld the dismissal of claims filed by other Cook County Sheriff officers who, after *Taylor*, asserted their terminations were also void because the Merit Board was illegal. *Id*. The terminations were upheld for equitable reasons. *Id*. Defendant argues that, because the terminations were upheld in three cases decided after the July 19, 2018 Order was entered, this Court should reconsider its Order.

However, Defendant's motion does not meet the "narrow purpose" for which motions to reconsider should be granted. Defendant does not claim, as it had to do, that the Court made a "manifest error of law" or "patently misunderstood a party" or "made a decision outside the adversarial issues presented to the Court by the parties" or "made an error not of reasoning but of apprehension." Instead, Defendant argues that the Court should reconsider its ruling simply because three Appellate Court opinions decided for equitable reasons to apply the de facto officer doctrine to uphold the dismissal of those particular claims. None of those rulings contradicted this Court's holding that the Merit Board's decisions are void. The July 19, 2018 Order remains correct under state law. As a result, these rulings do not justify reconsideration of the Order. Even so, Defendant's motion should be denied for three primary reasons.

First, Defendant's motion should be denied because Defendant waived asserting the de facto officer doctrine here. Defendant waived the argument that the Merit Board ruling here should be upheld for equitable reasons under the de facto officer doctrine by not raising the argument for almost two years, *e.g.*, Defendant failed to raise the argument: (1) in its summary judgment papers—filed in August 2017—or when the issue was fully briefed long before the July 19, 2018 Order was entered; (2) promptly after the Court's July 19, 2018, Order was entered when Plaintiff's termination was declared void; or (3) promptly after the first of the three cases Defendant cites in its motion (*Lopez*) was decided in August 2018—barely one month after the July 19, 2018 Order was entered. Just because three Illinois Appellate opinions agree with arguments Defendant could have made to oppose Plaintiff's summary judgment motion, but did not make until now, provides no basis to reconsider the Order, which remains correct under controlling state law.

In summary judgment and in response to Plaintiff's motion seeking to have the Merit Board decision declared void, Defendant argued only that Plaintiff's case was distinguishable from another case that held that the Merit Board was illegal (*Taylor*) and that *Taylor* was incorrectly decided. *See Bless v. Cook Cty. Sheriff's Office*, No. 13 C 4271, 2018 WL 3474507, at *2 (N.D. Ill. July 19, 2018) (citing Dkt. 301, p. 15, 17–20). Defendant could have, but did not, raise the equitable de facto officer argument as a basis to deny Plaintiff's motion. Defendant does not explain failing to raise the argument in summary judgment (two years ago) or for failing to raise the issue for almost a year after *Lopez* was decided. It is too late for Defendant to make the argument now. *See Baker v. Lingren*, 856 F.3d 498, 503 (7th Cir. 2017) (affirming that arguments raised for the first time in a motion to reconsider are waived).

Second, contrary to Defendant's argument, the three cases Defendant cites do not overrule *Taylor* nor are they controlling opinions. Cases that add weight to one side or the other are issued often. Though changes in binding authority require reconsideration of prior rulings in an ongoing case, it would lead to unnecessarily protracted litigation and judicial inefficiency if courts reconsidered prior rulings based merely on new case law like the opinions Defendant cites. *See Shidler v. Moore*, No. 3:05-CV-804 RM, 2008 WL 553177, at *1 (N.D. Ind. Feb. 27, 2008). *Vuagniaux*, and *Daniels* remain the controlling and applicable Illinois Supreme Court opinions (Dkt. 352, p. 7), and they have not been overruled by Defendant's cases or any others.

None of Defendant's cases require a different ruling here. Contrary to the claim in the motion, Defendant's cases do not hold that the 2013 Merit Board decision "should not have been declared void." (Dkt. 400, p. 2.) They hold only that cases filed after *Taylor* was decided are equitably barred because those plaintiffs filed their claims after *Taylor* was decided. Contrary to the claim in the motion, Defendant's cases do not hold that "the Court's order voiding the 2013 Merit Board decision against plaintiff Bless was incorrect as a matter of law, and should now be reconsidered" (Dkt. 400, p. 2), they hold only that the Court could have denied Plaintiff's claim under the de facto officer doctrine if the argument was raised, which it was not.

Third, the de facto officer doctrine has no application to this case. The equitable purpose of the de facto officer doctrine is to prevent upheaval and prevent inviting hundreds of copycat lawsuits. *See Lopez*, 2018 IL App (1st) 17-0733-U, ¶ 60 & n. 4. The *Lopez* court noted that over 60 cases were filed after *Taylor* was decided. *Id.*

4

*Taylor* was first filed on November 25, 2013. *See Taylor v. Dart*, 2015 WL 12967758, p. 6. The Merit Board was first ruled to be illegal on August 19, 2014. *See Taylor v. Dart*, 2016 IL App (1st) 143684.

In each of the new cases Defendant cites, the plaintiffs filed their lawsuit <u>after</u> *Taylor* was first decided. *See Acevedo*, 2019 IL App (1st) 181128, ¶ 4 (class action complaint, filed May 18, 2017); *Lopez*, 2018 IL App (1st) 170733, ¶ 34 (complaint filed August 5, 2016); *Cruz v. Dart*, 2019 IL App (1st) 170915, ¶ 23 (complaint filed May 23, 2016).

Plaintiff's case was filed in June 2013—5 months <u>before</u> the lawsuit in *Taylor* was filed and years before any court ruling was issued that the Merit Board was void. Because Plaintiff's claim was not filed after *Taylor* was decided, the equitable reasons for applying the de facto officer doctrine do not apply. The equitable purpose of the de facto officer doctrine is to prevent "multiple and repetitious suits." *See Acevedo*, 2019 IL App (1st) 181128, ¶ 20. Those considerations are not implicated where, as here, the case was filed before *Taylor* was decided. Defendant's cases extinguish future copycat cases, so they eliminate the possibility that equitable considerations could justify reconsidering the Order.

### III. Conclusion

For these reasons, Defendant's motion should be denied. Alternatively, there is no basis for the Court to "issue an order declaring that the Board decision is valid, and remand the case to the Circuit Court of Cook County Illinois to proceed with administrative review of the Board decision" as Defendant requests. Dkt. 400, p. 2. At the very least, if the Court is in any way inclined to grant Defendant's motion, Plaintiff has a right to proceed with his Administrative Review claim in this Court and Defendant cannot deprive Plaintiff of that right.

Respectfully submitted,

/s/ Jeffrey R. Kulwin

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
312-641-0300

## CERTIFICATE OF SERVICE

I, Jeffrey R. Kulwin, an attorney, certify that I caused copies of this pleading to be served on all counsel of record by electronically filing the document with the Clerk of Court using the ECF system on May 31, 2019.

/s/ Jeffrey R. Kulwin